MATTER OF HOLMES

In Visa Petition Proceedings

A-20594548

*Decided by Board March 22, 1974*

(1) In the absence of evidence that adverse information having a bearing on the adjudication of a visa petition was called to the attention of the petitioner and that he was afforded an opportunity to rebut it and to present evidence in his own behalf in accordance with 8 CFR 103.2(b)(2) before the district director rendered his decision, the case is remanded for that purpose.

(2) Where the *bona fides* of a marriage constituting the basis of a visa petition are cast in doubt, it is not necessarily incumbent on the Service to conduct an outside investigation to establish whether the parties to the marriage are living in marital union since the burden of proof is on the petitioner and sufficient doubt, warranting denial, may be engendered by the evidence without such outside investigation.

ON BEHALF OF PETITIONER: Sachs and Spector, Esquires
152 West 42nd Street
New York, New York 10036

This is an appeal from an order of a District Director denying petitioner's application under section 201(b) of the Immigration and Nationality Act to accord immediate relative status to the beneficiary as his wife. We remand for further proceedings.

The visa petition is supported by certificates attesting to the petitioner's birth in the United States and marriage to the beneficiary on June 21, 1973. The District Director's denial decision, which is dated January 4, 1974, is based upon a sworn statement taken from the beneficiary on January 3, 1974, which casts doubt on the bona fides of the marriage. While the District Director's decision recites that the petitioner and the beneficiary appeared for interview together, there is nothing in the record to indicate that the beneficiary's statement was taken in the petitioner's presence or that it was otherwise called to his attention and that he had an opportunity to rebut it and present evidence in his own behalf before the District Director made his decision. See 8 CFR 103.2(b)(2); *Matter of Arteaga-Godoy*, Interim Decision No. 2171 (BIA 1972). We shall remand so that he may have that opportunity.

On remand, counsel should also be given the opportunity to establish by sworn testimony the allegations of official wrongdoing he asserts in his unsworn notice of appeal. We have previously commented on the undesirability of making such statements casually and not under oath. See *Matter of Geronimo*, 13 I. & N. Dec. 680 (BIA 1971); *Matter of Godfrey*, 13 I & N. Dec. 790 (BIA 1971). Counsel also errs in asserting in his notice of appeal, that "The Service has not established its burden, it conducted no outside investigation to determine whether the parties involved are living in marital status." The burden of proof is on the petitioner, not on the Service. An outside investigation by the Service is not required in every case; sufficient doubt to warrant denial may be engendered by the evidence even without an outside investigation.

**ORDER:** The record is remanded to the District Director for further proceedings consistent with this opinion.

**Warren R. Torrington, Member, Dissenting:**

I respectfully dissent.

In my view, a remand is quite unnecessary. Here the beneficiary, the petitioner's alleged spouse, stated, in effect, under oath, that no bona fide marriage had ever existed. It appears to me that the provisions of 8 CFR 103.2(b)(2) were not designed to govern that type of situation.

The appeal should have been dismissed.

**Marianne B. McConnaughey, Member, Dissenting:**

I concur in Mr. Torrington's dissent.

648