MATTER OF CALILAO

In Visa Petition Proceedings

A-31174546

*Decided by Board February 7, 1977*

(1) Beneficiary was admitted to the United States as the immediate relative spouse of a United States citizen (beneficiary's second wife) under section 201(b) of the Immigration and Nationality Act. Deportation proceedings were instituted against him under section 241(a)(1) and section 241(c) of the Act after his United States citizen wife submitted sworn statements to the Service that the beneficiary had paid her to marry him and arrange his entry into the United States. Prior to final determination of his deportability, beneficiary divorced both his first and second wives and married the present petitioner who filed two immediate relative visa petitions under section 201(b) of the Immigration and Nationality Act in his behalf. The second visa petition was denied on the ground that the beneficiary had been previously accorded nonquota status on the basis of a marriage entered into for the purpose of evading the immigration laws in violation of section 204(c) of the Act.

(2) Notwithstanding the fact that the beneficiary possessed lawful permanent residence at the time the second visa petition was filed by this third wife, the District Director had the authority to consider the second petition.

(3) *Matter of Concepcion*, Interim Decision 2529, is not controlling in this case because in that proceeding the marriage was based on falsified documents, whereas in this proceeding the marriage actually took place. Therefore, section 204(c) applies.

(4) Where the District Director relied on the statements of the beneficiary's second wife to the effect that they had been married solely for the purpose of circumventing the immigration laws in rendering his decision and concluding that section 204(c) of the Act was controlling in this case, and the record does not indicate that petitioner was made aware of this derogatory evidence prior to entry of the decision as required by 3 C.F.R. 103.2(b)(2), the record will be remanded to the District Director to afford petitioner an opportunity to rebut the adverse evidence.

ON BEHALF OF PETITIONER: William E. Thompson, III, Esquire
Suite 205, Hawaiian Savings Building
925 Bethel Street
Honolulu, Hawaii 96813

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

In a decision dated April 19, 1976, we dismissed the appeal from a decision of a District Director denying the visa petition filed by the petitioner on behalf of the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act. The petitioner has moved for

reopening of the proceedings and reconsideration of our prior decision. Oral argument will be denied; the motion will be granted and the record remanded to the District Director for further proceedings.

The record indicates that the beneficiary, a native and citizen of the Philippines, has been married at least three times: to Rufina Rarama in 1969, to Vilma Herrera in 1971, and to the present petitioner, Cres Cabo Paa, in 1975. As a result of his marriage to Vilma Herrera, a United States citizen, the beneficiary was admitted to the United States as a lawful permanent resident. He subsequently divorced both his first and second wife before marrying the present petitioner. The record contains a sworn statement by the beneficiary outlining the sequence of his marriages and divorces as well as a sworn statement by his second wife stating, in effect, that the beneficiary had paid her to marry him and to arrange his entry into the United States. An Order to Show Cause was issued to the beneficiary in 1974 charging him under sections 241(a)(1) and 241(c) of the Act with having been excludable at entry into the United States and with having procured his immigrant visa by fraud.

Prior to a final determination of his deportability, the beneficiary married the present petitioner and a second visa petition was filed in his behalf. Relying in part on the aforementioned sworn statements, the District Director concluded that the beneficiary had previously been accorded nonquota status on the basis of a marriage entered into for the purpose of evading the immigration laws in violation of section 204(c) of the Act and, therefore, denied the petition.

Counsel for the petitioner first argues that, inasmuch as the beneficiary was already a lawful permanent resident at the time of the District Director's decision, the very status he would ultimately be accorded should the visa petition be approved, the District Director was without jurisdiction to consider the petition. Such a contention is clearly incorrect.

We note that at the time the visa petition was filed, deportation proceedings against the beneficiary had been initiated and that he has since filed an application under section 245 of the Act to adjust his status to that of a permanent resident alien. Such a procedure is clearly permitted by the Act. *Tibke* v. *INS*, 335 F.2d 42 (2 Cir. 1964). In order to be eligible for adjustment of status, the alien must be the beneficiary of a valid unexpired visa petition filed in accordance with 8 C.F.R. 204 and approved to accord such status. See 8 C.F.R. 245.2(b). Therefore, inasmuch as the approval of a visa petition is a prerequisite to a grant of adjustment, it is clear that, despite the fact the beneficiary possessed lawful permanent resident status at the time the visa petition was filed, he may be the recipient of a second visa petition. The District Director clearly had the authority to consider the petition.

Citing our recent decision in *Matter of Concepcion*, Interim Decision

2529 (BIA September 8, 1976), counsel next argues that because the beneficiary was already married to Rufina Rarama at the time of his "marriage" to Vilma Herrara, no marriage in fact existed upon which it could be determined that the beneficiary obtained nonquota status for the purpose of evading the immigration laws. In short, he maintains that the marriage to Vilma Herrera never existed.

Counsel's reliance on *Matter of Concepcion* is misplaced. There we held, for purposes of section 204(c), that no marriage is entered into when the preference status as a spouse of a lawful permanent resident is accorded on the basis of falsified documents rather than actual marriage. Although the beneficiary had profited from the determination that a marriage existed in the same way as if she had entered into a sham marriage, the marriage did not exist and we held that section 204(c) did not apply. *Matter of Concepcion* is clearly distinguishable from the present case. Here, according to the sworn statements of the beneficiary and his second wife, an actual marriage was performed. Therefore, we conclude that a marriage was indeed entered into and that section 204(c) does apply. See *Ferrante* v. *INS*, 399 F.2d 98 (6 Cir. 1968).

Lastly, counsel argues that the District Director failed to give the petitioner prior notice of his intention to deny the petition.

8 C.F.R. 103.2(b)(2) states, in pertinent part, that:

> . . . If the decision will be adverse to the . . . petitioner on the basis of derogatory evidence considered by the Service and of which the . . . petitioner is unaware, he shall be advised thereof and offered an opportunity to rebut it and present evidence in his behalf before the decision is rendered . . . .

In rendering his decision and concluding that section 204(c) applied to the facts of this case, the District Director relied substantially on the sworn statement of the beneficiary's second wife to the effect that they had never lived together as man and wife and that they had been married solely for the purpose of circumventing the immigration laws. Apparently this statement was made with regard to the beneficiary's pending deportation hearing. Although such proceedings had been initiated at the time of the District Director's decision, it appears that the proceedings were not concluded until subsequent to the denial of the visa petition. It is not clear from the record that the petitioner was made aware of the derogatory evidence prior to entry of the decision as required by 8 C.F.R. 103.2(b)(2). *Matter of Arteaga-Godoy*, 14 I. & N. Dec. 226 (BIA 1972). Therefore, we will remand the record to the District Director for the purpose of affording the petitioner an opportunity to rebut the adverse evidence. Should such evidence be successfully rebutted, the District Director could then consider whether the marriage between the beneficiary and the present petitioner was entered into in good faith.

**ORDER:** The record is remanded to the District Director for further proceedings consistent with the above opinion, and for entry of a new decision.