Salvatore MUSSO, A20 460 683, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 77–1872.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 28, 1978.

Decided April 10, 1978.

James J. Orlow, for petitioner; Wasserman, Orlow, Ginsberg & Rubin, Philadelphia, Pa., of counsel.

Philip Wilens, Government Regulations and Labor Section, Crim. Div., Dept. of Justice, Washington, D. C., and Robert S. Forster, Jr., Asst. U. S. Atty., Philadelphia, Pa., James P. Morris, Atty., and Chester J. Halicki, Atty., Dept. of Justice, Washington, D. C., for respondent.

Before ALDISERT, GIBBONS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Salvatore Musso petitions for review of a final order of deportation by the Board of Immigration Appeals. Petitioner was charged in deportation proceedings with overstaying a visitor's visa and with being deportable as an alien who, having been previously deported, reentered the United States without the prior consent of the Attorney General, as required by 8 U.S.C. § 1182(a)(17). Reentry without authorization after prior deportation is both a civil ground for deportation, 8 U.S.C. § 1251, and a felony punishable by imprisonment and/or a fine. 8 U.S.C. § 1326.

Asserting the right not to incriminate himself and thereby provide a basis for criminal prosecution, Musso refused to testify throughout his deportation proceedings. On appeal, he challenges the proceedings as unlawfully forcing him to elect between his Fifth Amendment right against self-incrimination and either the entry of a defense or an application for discretionary relief (*i. e.*, voluntary departure).

▮▮ In deportation proceedings, an alien has the burden of proving the time, place, and manner of his or her entry into the United States. 8 U.S.C. § 1361. Petitioner argues that, given this burden of proof, an alien's refusal to testify on the merits must result in a finding of deportability. However, concomitant with the alien's burden is the government's responsibility to prove "by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true." *Woodby v. Immigration and Naturalization Service,* 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966).

The government offered such evidence here. Documentary evidence introduced *without objection* before the special inquiry officer established that Musso had last entered the United States on October 18, 1974, as a nonimmigrant visitor authorized to remain only until December 20, 1974; that he had been previously deported on April 25, 1974; and that he had never applied for permission to return to the United States. In light of this uncontroverted evidence, Musso's invocation of the Fifth Amendment was superfluous to the ultimate finding; his testimony, or lack of same, was not necessary to a determination that he was deportable. Indeed, the record establishes that neither the special inquiry officer nor the Board of Immigration Appeals [Board] reached its determination on the basis of Musso's refusal to testify.

▮▮ To the extent that Musso challenges his inability to offer a defense to the facts alleged and proved by the government, we note, first, that he has made no offers of proof regarding what defenses he could have raised to either of the deportation charges had he not relied on the Fifth Amendment. More important, we note that the claimed inability is a necessary collateral effect in any setting: the decision not to speak on one's own behalf obviously limits both the claims and defenses that one can make. But just as the refusal to testify is not persuasive of guilt, it is not persuasive of innocence. Thus, just as we may not consider petitioner's refusal to testify in our review of the Board's final determination, we must decline his invitation to infer from his silence the presence of a defense to that determination.

We must also reject petitioner's contention that his assertion of the Fifth Amendment operated as the sole basis for his not obtaining voluntary departure status. Under 8 U.S.C. § 1254(e), the Attorney General may, in his discretion, permit an alien in deportation proceedings to depart the United States voluntarily "if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application . . . ." We note first that petitioner did not actually apply for voluntary departure; he claims on appeal that "but for the problem of possible criminal prosecution such an application would have been made."

Petitioner's Brief at 4. Even if we were to consider his "request", however, again we are faced with no offers of proof and no extrinsic evidence supporting petitioner's apparent argument that his silence gives rise to an inference that he is deserving of voluntary departure status.[1]

■ Thus, although this court is extremely sensitive to claims that a defendant was prejudiced negatively by an assertion of the Fifth Amendment right against self-incrimination, *see, e. g., United States v. Garcia,* 544 F.2d 681 (3d Cir. 1976), we are not persuaded that petitioner's refusal to testify affected the finding of deportability. Accordingly, we determine that when an alien who is the subject of deportation proceedings elects to assert the Fifth Amendment privilege against self-incrimination, and there is nothing in the record to indicate that the alien's refusal to testify was a ground for the ultimate finding of deportability, we will not disturb that finding.

The petition for review will be denied.

---

1. We note that in *Matter of Lam,* 14 I & N Dec. 168 (BIA 1972), the BIA determined that an alien who refuses to testify on a claim of privilege against self-incrimination is *not* foreclosed from requesting the discretionary relief of voluntary departure. As the Board stated, 8 C.F.R. 242.17(d) specifically provides that an application for discretionary relief "shall not be held to constitute a concession of alienage or deportability in any case in which the respondent does not admit his alienage or deportability." 14 I & N Dec. at 173, 174.