## MATTER OF RAHMATI

### In Visa Petition Proceedings

A-17019199

*Decided by Board June 26, 1978*

A determination by an immigration judge in rescission proceedings that an alien was accorded nonquota status as the spouse of a United States citizen by reason of a nonviable marriage does not preclude the alien under section 204(c) of the Immigration and Nationality Act, 8 U.S.C. 1154(c), from obtaining immigrant status under a new visa petition since it does not follow from the fact that a marriage is nonviable that it was entered into for the purpose of evading the immigration laws.

ON BEHALF OF PETITIONER:  
Pro se

ON BEHALF OF SERVICE:  
George Indelicato  
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). The petition was approved on October 20, 1977. In a decision dated February 15, 1978, the District Director revoked approval of the petition on the ground that the beneficiary had previously been accorded immediate relative status as the spouse of a United States citizen by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws. The petitioner has appealed. The appeal will be sustained.

The beneficiary, a 36-year-old native and citizen of Iran, married the petitioner in 1973. The record reflects that this was his second marriage to a United States citizen. The first occurred in 1967.

On the basis of the 1967 marriage, the beneficiary was granted immediate relative status under section 201(b) of the Act as the spouse of a United States citizen, and his status was adjusted to that of a lawful permanent resident under section 245 of the Act, 8 U.S.C. 1255.

On April 27, 1971, after proceedings under section 246(a) of the Act, 8 U.S.C. 1256(a), an immigration judge ordered the beneficiary's grant of status as a lawful permanent resident rescinded on the ground that the

538

1967 marriage was no longer viable when it was used as a basis for adjusting the beneficiary's status. Although the beneficiary and his spouse had lived together, and a child had been born to them, they had not lived together continously for more than a few months at a time and she had left him before his status was adjusted. The record reflects that she obtained a divorce on November 19, 1968.

The District Director based his decision on section 204(c) of the Act, 8 U.S.C. 1154(c), which states that ". . . no petition shall be approved if the alien has previously been accorded a nonquota or preference status as the spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws." The District Director apparently considered the prior decision of the immigration judge in the rescission proceedings to be a conclusive determination that the beneficiary's prior marriage to a United States citizen was entered into for the purpose of evading the immigration laws. This conclusion was erroneous.

The section 204(c) decision is to be made on behalf of the Attorney General by the District Director in the course of his adjudication of the subsequent visa petition. *Matter of Samsen*, Interim Decision 2305 (BIA 1974). In making that adjudication, he may rely on any relevant evidence, including evidence having its origin in prior Service proceedings involving the beneficiary. This determination, however, is for the District Director to make, and he should not ordinarily give conclusive effect to the determinations made in the prior collateral proceedings. He should reach his own independent conclusion based on the evidence actually before him. See *Matter of F—*, 9 I. & N. Dec. 684 (BIA 1962).

The record in this case does not support the District Director's conclusion that the beneficiary's prior marriage was entered into for the purpose of evading the immigration laws. The rescission determination dealt only with the viability of the marriage at the time when adjustment of status was granted. Section 204(c), however, goes to the underlying purpose of the marriage. *Matter of Samsen, supra*. We note, moreover, that the beneficiary and his spouse of that marriage apparently lived together as man and wife and had a child together. Thus, it does not appear that the marriage was entered into for the purpose of evading the immigration laws.

We conclude, therefore, that the District Director's determination regarding the beneficiary's previous marriage is erroneous. Accordingly, the petitioner's appeal will be sustained, and the District Director's decision will be reversed.

ORDER: The appeal is sustained, and the approval of the visa petition is reinstated.