MATTER OF ALDECOAOTALORA

In Visa Petition Proceedings

A-23693777

*Decided by Board July 22, 1983*

A visa petition filed by a petitioner seeking to accord immigration benefits to her unmarried daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2), is properly denied where the beneficiary admitted that she was divorced for the sole purpose of obtaining immigration benefits and continued to reside with and own property jointly with her former husband in what by all appearances is a marital relationship; such a divorce is considered a sham and is not recognized for immigration purposes.

ON BEHALF OF PETITIONER:    James J. Kelly, Esquire
Valley Bank Plaza
300 South Fourth Street
Las Vegas, Nevada 89101

BY:   Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The lawful permanent resident petitioner filed a visa petition on behalf of the beneficiary to accord her benefits as her unmarried daughter under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). In a decision dated November 3, 1982, the District Director denied the petition on the ground that the beneficiary does not qualify as the petitioner's unmarried daughter because her divorce is a sham. The District Director's decision has been certified to the Board for review. The decision will be affirmed.

The petitioner is a 64-year-old native and citizen of the Philippines. The beneficiary is a 31-year-old native of the Philippines. The record reflects that she claims to be a citizen of Spain. It further reflects that she was married to a citizen of Spain on April 15, 1973, in the Philippines and that they have two United States citizen children born on March 17, 1976, and July 13, 1981. The beneficiary obtained a divorce from her husband on July 28, 1981.

In his decision the District Director concluded that the beneficiary's divorce was entered into for the sole purpose of circumventing the immigration visa preference system. He based his findings primarily on

430

the beneficiary's own statements made at an interview on May 18, 1982. In her sworn statement, the beneficiary claimed that she was divorced because of irreconcilable differences with her husband, but when questioned regarding those differences she stated that she needed a green card in order that her children could remain in the United States. She further admitted that she had never stopped residing with her former husband, that they still filed joint tax returns, and that they continued to own their home and all other property jointly as community property.

The District Director further noted that the employment records of the beneficiary's former husband indicate that he claims to be married with three dependents. In addition, the telephone at the beneficiary's residence is listed in the directory under the name of her divorced spouse. From this evidence and the beneficiary's statements, the District Director determined that her divorce was a sham. He further concluded that she could not obtain immigration benefits as an unmarried person by virtue of such a divorce. We agree.

The legislative history of the Act reflects that the intent of Congress in providing for preference status for unmarried sons and daughters of lawful permanent residents was to reunite with their parents unmarried children who, although not minors, were still part of a family unit. *See Matter of Coletti*, 11 I&N Dec. 551 (BIA 1965); *see also Matter of Lew*, 11 I&N Dec. 148 (BIA 1965). By her own admissions, the beneficiary has established that, although divorced from her husband, she has neither severed her relationship with him nor returned to the family unit of her parents.

In *Gregory v. Helvering*, 293 U.S. 465 (1935), the Supreme Court created the sham transaction doctrine in the context of tax law, holding that where such a transaction on its face is outside the plain intent of the statute involved, it should be disregarded because to do otherwise "would be to exalt artifice above reality and to deprive the statutory provision in question of all serious purpose." *Id.* at 470. *See also Commissioner v. Tower*, 327 U.S. 280 (1946); *Commissioner v. Court Holding Company*, 324 U.S. 331 (1945); *Boynton v. Commissioner*, 649 F.2d 1168 (5 Cir. 1981), *cert. denied*, 102 S.Ct. 1009 (1982); *Davis v. Commissioner*, 585 F.2d 807 (6 Cir. 1978), *cert. denied*, 99 S.Ct. 1789 (1979). Following that decision, the Fourth Circuit Court of Appeals recently determined that the sham transaction doctrine may apply to a divorce obtained in order to avoid the "marriage penalty" imposed on married taxpayers if "the parties intended merely to procure divorce papers rather than actually to effect a real dissolution of their marriage contract." *Boyter v. Commissioner*, 668 F.2d 1382, 1387 (4 Cir. 1981).

There can be no doubt that the beneficiary's sole intention in seeking a divorce was to obtain immigration benefits because she has admitted as much. She has nevertheless continued to live with her former hus-

band in what by all appearances is a marital relationship. In so doing she is clearly attempting to thwart the statutory purpose of the Act to unite unmarried children with their lawful permanent resident parents. We therefore agree with the District Director's conclusion that the beneficiary's divorce is a sham and that it should not be recognized for immigration purposes as qualifying her for preference status under section 203(a)(2) of the Act. *Cf. Lutwak* v. *United States,* 344 U.S 604 (1953); *McLat* v. *Longo,* 412 F.Supp. 1021 (D.V.I. 1976); *Matter of McKee,* 17 I&N Dec. 332 (BIA 1980). Accordingly, we shall affirm the decision of the District Director denying the visa petition.

**ORDER:**   The decision of the District Director is affirmed.