## MATTER OF OBAIGBENA

### In Visa Petition Proceedings

### A-26854868

*Decided by Board January 27, 1988*

(1) A petitioner must be afforded a reasonable opportunity to rebut the derogatory evidence cited in a notice of intention to deny his visa petition and to present evidence in his behalf before the district director's decision is rendered.

(2) Reasonable and timely requests for an extension of time to submit a rebuttal to the notice of intention to deny a visa petition should be dealt with by the district director in a reasonable and fair manner, particularly when a petition has been pending for a prolonged period or where the notice of intention to deny contains extensive investigative findings or factual allegations.

(3) To be considered "reasonable," a request for an extension of time to submit a rebuttal must state with specificity the reasons for the request and be limited to a finite period, and it must not be for the purpose of obtaining documents which should have initially been submitted with the petition by regulation.

(4) Where a petitioner fails to timely and substantively respond to the notice of intention to deny or to make a reasonable request for an extension, the Board of Immigration Appeals will not consider any evidence first proffered on appeal as its review is limited to the record of proceeding before the district director; for further consideration, a new visa petition must be filed.

ON BEHALF OF PETITIONER:
Robert A. Remes, Esquire
Carliner and Remes
931 Investment Building
1511 K Street, N.W.
Washington, D.C. 20005

ON BEHALF OF SERVICE:
Arthur H. Gottlieb
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The United States citizen petitioner applied for immediate relative status on behalf of the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982). In a decision dated October 31, 1985, the district director denied the visa petition. The petitioner has appealed from that decision. The record will be remanded to the district director for further proceedings.

The petitioner is a 26-year-old United States citizen. The beneficiary is a 29-year-old native and citizen of Nigeria. A marriage certificate reflects the petitioner and the beneficiary were married on September 25, 1984, in Rockville, Maryland.

The record also reflects the petitioner has previously filed with the Immigration and Naturalization Service two visa petitions on behalf of the beneficiary as her spouse. The first visa petition was denied by the acting district director in a decision dated January 16, 1985. The second visa petition was terminated by the acting district director on May 9, 1985, based on the petitioner's written withdrawal of that petition. The instant visa petition was filed on July 24, 1985.

In a notice dated October 2, 1985, the district director advised the petitioner of his intention to deny the visa petition on the ground that the petitioner had failed to meet her burden of proving the bona fides of her marriage to the beneficiary from its inception. *See Matter of Laureano,* 19 I&N Dec. 1 (BIA 1983); *Matter of McKee,* 17 I&N Dec. 332 (BIA 1980). In the district director's notice of intention to deny the visa petition, he granted the petitioner 15 days to rebut the derogatory information cited in that notice and to submit additional evidence in support of the visa petition.

The record contains a letter dated October 9, 1985, from counsel for the petitioner, responding to the notice of intention to deny the visa petition. Counsel for the petitioner noted that he did not receive the notice of intention to deny the visa petition until October 7, 1985,[1] and that his letter constituted only a partial rebuttal to the notice of intention to deny as further argument and evidence would be presented within the required time.[2] On October 16, 1985, another letter from counsel for the petitioner was received by the Service, responding to the notice of intention to deny the visa petition and requesting a 2-week extension of time to submit further rebuttal evidence. Counsel for the petitioner explained that he had been hampered in preparing the rebuttal because of the following factors: the petitioner was confined to bed due to a recent miscarriage; the beneficiary had been out of town for medical school interviews; the district director had failed to provide counsel with necessary information, which is part of the record of proceeding, and had failed to respond to counsel's letter of October 9, 1985; and the notice of intention to deny the visa petition was not received by

---

[1] The record contains a photocopy of a letter from the petitioner to the district director dated October 5, 1985, responding to the October 2, 1985, notice of intention to deny the visa petition.

[2] We note statements or assertions by counsel are not evidence. *Matter of Ramirez-Sanchez,* 17 I&N Dec. 503, 506 (BIA 1980).

counsel until October 7, 1985. In addition, the petitioner submitted evidentiary material attesting to the bona fides of the marital relationship between the petitioner and the beneficiary.

In a letter dated October 18, 1985, the district director denied the petitioner's request for additional time in which to provide evidence in rebuttal to the notice of intention to deny the visa petition. The district director stated that all rebuttal evidence had to be submitted by October 21, 1985. Additional correspondence from the petitioner dated October 21, 1985, and October 24, 1985, requesting an extension of time to submit rebuttal evidence, was received by the Service.

In his October 31, 1985, decision denying the visa petition, the district director found that the October 24, 1985, request for an extension of time to submit additional documentation from the petitioner was without merit. The district director noted that the petitioner had been granted 19 days to submit a rebuttal, that this was the third visa petition filed by the petitioner on behalf of the beneficiary, and that the record of proceeding contained voluminous conflicting and derogatory evidence indicating that the marriage was merely an accommodation. The district director further found that the continuous filing of visa petitions, along with repetitious but conflicting documentation, was a dilatory tactic used to delay the beneficiary's deportation hearing.[3] The district director advised the petitioner that his denial of an extension of time to submit a rebuttal did not preclude the petitioner from presenting additional documentation on appeal.

On appeal, counsel for the petitioner states that, as he did not receive the notice of intention to deny the visa petition in a timely manner, he had only 10 days to respond to this notice. The petitioner contends that the district director's grant of only 10 days to respond to the notice of intention to deny was arbitrary, capricious, and an abuse of discretion. It is also contended that the district director's denial of the request for an extension of time to submit a rebuttal to the notice of intention to deny the visa petition was arbitrary, capricious, and an abuse of discretion. The petitioner maintains that the requests for an extension of time were reasonable and well justified.

Subsequent to the filing of the appeal, the petitioner submitted a motion to remand. In support of this motion, the petitioner prof-

---

[3] In his October 31, 1985, decision, the district director states that the beneficiary, who is also represented by the same counsel, has had each of his deportation hearings continued primarily because of the pending visa petitions. However, the record contains no documents in support of this statement by the district director.

fered documentary evidence, including sworn statements, attesting to the bona fides of the petitioner's marriage with the beneficiary.[4]

The federal regulations at 8 C.F.R. § 103.2(b)(2) (1988) provide, in pertinent part, that if an adverse Service decision is based on derogatory evidence of which the petitioner is unaware, the petitioner must be so advised and offered an opportunity to rebut the derogatory evidence and to present evidence in his behalf before the decision is rendered. Any explanation, rebuttal, or evidence presented by or in behalf of the petitioner must be included in the record of proceeding. *Id.* A determination of statutory ineligibility shall not be valid unless based on evidence contained in the record of proceeding. *Id.; Matter of Estime,* 19 I&N Dec. 450 (BIA 1987); *Matter of Calilao,* 16 I&N Dec. 104 (BIA 1977); *Matter of Holmes,* 14 I&N Dec. 647 (BIA 1974).

The regulations do not prescribe any time limits for the issuance of a notice of intention to deny a visa petition or for the submission of a rebuttal to such a notice of intention to deny. Inasmuch as the intended purpose of a notice of intention to deny is to provide due process to the petitioner, such purpose is defeated when the petitioner is not given a reasonable opportunity to respond. We therefore conclude that the petitioner must be afforded a reasonable opportunity to rebut the derogatory evidence cited in the notice of intention to deny and to present evidence in his behalf before the decision is rendered. Similar regulations governing the time limits for responding to adverse Service decisions, such as filing appeals from a decision denying a visa petition or from a decision revoking the approval of a visa petition, impose a 15-day deadline after the service of the notification of the decision.[5] *See* 8 C.F.R. §§ 204.1(a)(3), 205.2(b) (1988). We therefore do not find that the imposition of a 15-day time limit for submitting a rebuttal to a notice of intention to deny, per se, is unreasonable.[6] However, that is not to say that such a time limit is mandatory or exclusive.

Reasonable and timely requests for an extension of time to submit a rebuttal to a notice of intention to deny a visa petition should be dealt with by the district director in a reasonable and

---

[4] The petitioner also submitted a sworn statement in support of the visa petition subsequent to the district director's decision and prior to the filing of the appeal.

[5] Whenever the notice is served by mail, 3 days shall be added to the prescribed period for filing a notice of appeal. Service by mail is complete upon mailing. 8 C.F.R. § 103.5a(b) (1988).

[6] We note the Immigration and Naturalization Service Examinations Handbook, Part III-61 (October 1, 1982) suggests 30 days as the usual period of time to give a petitioner to respond to a notice of intention to revoke the approval of a visa petition.

fair manner. In particular, when a visa petition has been pending before the district director for a prolonged period of time or where the notice of intention to deny the visa petition includes extensive investigative findings or factual allegations, the district director should grant a petitioner's reasonable and timely request for an extension of time to submit his rebuttal and to present evidence in his behalf. In determining what constitutes a reasonable request for an extension of time, we note that such a request should state with specificity the reasons for making the request and should be limited to a finite period, preferably no more than a few weeks. For example, the petitioner may cite the unavailability of certain persons who are necessary affiants and the reasons for such unavailability, the need to obtain sworn statements from a significant number of persons, or the need to obtain documents from distant sources. As a caveat, we note that each visa petition must be accompanied by the documents required by the particular section of the regulations under which the visa petition is submitted and that the Service may also require the submission of additional evidence, particularly when the required documents are unavailable. *See* 8 C.F.R. §§ 103.2(a), (b) (1988). The district director, therefore, may find that a request for an extension of time to submit a document, which should have been submitted initially with the visa petition by regulation, is not a reasonable request for an extension of time.

Conversely, where a notice of intention to deny a visa petition has been issued, and the petitioner, within the required time period, fails to substantively respond to this notice or to make a reasonable request for an extension of time to submit a rebuttal, the Board will not review or consider any evidence first proffered on appeal. The Board's review on appeal is limited to the record of proceeding before the district director. *See Matter of Estime, supra.* In such cases, the petitioner must file a new visa petition for further consideration.

In the instant case, the district director issued a notice of intention to deny the visa petition filed by the petitioner on behalf of the beneficiary as her spouse. This notice of intention to deny the visa petition included extensive investigative findings and factual allegations. The petitioner, through counsel, made a timely and reasonable request for an extension of time to file a rebuttal to this notice of intention to deny, citing specific and sufficient reasons for the request and limiting the request to a reasonable period of time. We therefore find that the district director improperly denied the petitioner's request for an extension of time to submit a rebuttal. Also, as a result, the district director has not had an opportunity to review the evidence first proffered by the petitioner on appeal. Ac-

cordingly, we will remand the record to the district director for further proceedings and the entry of a new decision.

ORDER: The record is remanded to the district director for further proceedings consistent with the foregoing opinion and the entry of a new decision.