52 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio NARANJO-ABARCA, a.k.a Conrado Duenas Torres, a.k.a.
Antonio Abarca, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70312.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Naranjo-Abarca, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") decision finding him deportable pursuant to 8 U.S.C. Sec. 1251(a)(1)(B) and denying his application for voluntary departure pursuant to 8 U.S.C. Sec. 1254(e). Naranjo-Abarca contends that the BIA abused its discretion by finding that he failed to demonstrate his eligibility for voluntary departure. We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 3
 The denial of a request for voluntary departure under 8 U.S.C. Sec. 1254(e) is reviewed for an abuse of discretion. Villanueva-Franco v. INS, 802 F.2d 327, 329 (9th Cir.1986). Because the BIA's decision to grant voluntary departure is discretionary, this court "may examine only whether the [BIA] actually exercised its discretion and whether it did so in an arbitrary and capricious manner." Abedini v. INS, 971 F.2d 188, 193 (9th Cir.1992).
 
 
 4
 Under 8 U.S.C. Sec. 1254(e), the attorney general has the authority to grant voluntary departure in lieu of deportation. The attorney general has discretion to grant such relief where the alien shows that he is a person of good moral character for at least five years preceding the request for voluntary departure. 8 U.S.C. Sec. 1254(e). The attorney general has delegated to the IJs the authority to grant voluntary departure provided the alien meets the statutory requirements, has the ability to depart the United States at his own expense, and shows equities meriting such treatment. See 8 C.F.R. Sec. 244.1; Abedini, 971 F.2d at 192-93. The alien seeking voluntary departure has the burden of proving that he was eligible for voluntary departure. See 8 U.S.C. Sec. 1254(e); Estrada-Possadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 
 5
 Here, Naranjo-Abarca produced no evidence regarding eligibility for voluntary departure. At his deportation hearing, Naranjo-Abarca's counsel refused to question him, asserting that a pending criminal investigation regarding an unspecified firearms offense prevented Naranjo-Abarca from responding to questions regarding moral character. While an alien may invoke the Fifth Amendment privilege against self-incrimination when answers to questions at a deportation hearing might subject him to future criminal prosecution, see Wall v. INS, 722 F.2d 1442, 1443 (9th Cir.1984), Naranjo-Abarca cannot rely on this privilege to excuse his failure to demonstrate eligibility for voluntary departure.[1] See Cabral-Avila v. INS, 589 F.2d 957, 959 (9th Cir.1978) ("No abridgement of the petitioners' Fifth Amendment rights are involved in requiring them to go forward with the production of evidence."), cert. denied, 450 U.S. 920 (1979); Musso v. INS, 574 F.2d 794, 796 (3d Cir.1978) ("[W]e are faced with no offers of proof and no extrinsic evidence supporting petitioner's apparent argument that his silence gives rise to an inference that he is deserving of voluntary departure status.").
 
 
 6
 The BIA correctly noted that in the absence of any evidence of Naranjo-Abarca's willingness and financial means to depart from the United States, the IJ did not have to address the issue of moral character. Because Naranjo-Abarca produced no evidence regarding his eligibility for voluntary departure, the BIA properly found him ineligible for such relief.[2]
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA correctly rejected Naranjo-Abarca's attempt to rely on his counsel's declaration, submitted with his brief on appeal to the BIA, to demonstrate Naranjo-Abarca's eligibility for voluntary departure. Assertions made by counsel are generally not accepted as evidence. See Matter of Ramirez-Sanchez, 17 I & N Dec. 503, 506 (BIA 1980); see also Matter of Obaigbena, 19 I & N Dec. 533, 534 n. 2 (BIA 1988). Moreover, counsel's declaration itself was unsupported by any evidence showing that Naranjo-Abarca met the voluntary departure eligibility requirements
 
 
 [2]
 Naranjo-Abarca's request for this court to stay its mandate pending the BIA's consideration of a motion for remand based on Naranjo-Abarca's declaration that he meets the eligibility requirements for voluntary departure is denied