78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virginia BAGAOISAN, Plaintiff-Appellant,
v.
Donald A. RADCLIFFE, District Director, Immigration &
Naturalization Service, Defendant-Appellee.
 No. 94-15962.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1996.*
Decided Feb. 23, 1996.
 
 1
 Before: BOOCHEVER and FERNANDEZ, Circuit Judges, and KELLEHER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 On March 30, 1989, Appellant Virginia Bagaoisan (Bagaoisan) filed a visa petition pursuant to 8 U.S.C. § 1154(a)(1), to accord immigrant visa preference status to her daughter, Deborah Lista Manatan Bagaoisan (Lista).[1] INS district director Donald Radcliffe denied the petition pursuant to 8 U.S.C. § 1154(c)(1),[2] finding there had been a prior determination that Lista married to evade the immigration laws.
 
 
 4
 Bagaoisan appealed the district director's decision to the Board of Immigration Appeals (BIA). After conducting a de novo review of the record, the BIA found that Lista had in fact married to evade the immigration laws and that 8 U.S.C. § 1154(c)(2)[3] therefore precluded the approval of the visa petition. Consequently, the BIA dismissed Bagaoisan's appeal.
 
 
 5
 After reviewing the administrative record, and without considering any new evidence, the district court affirmed the BIA's decision. Bagaoisan appeals.
 
 1. Newly Presented Evidence
 
 6
 We reject Bagaoisan's argument that the district court erred in refusing to consider her newly presented evidence, which consisted of affidavits submitted by Manatan's brother and brother-in-law. In reviewing the denial of a petition for preference status, the district court is limited to the materials contained in the administrative record. See Navarro v. District Director of U.S. Immigration, 574 F.2d 379, 383 (7th Cir.) (citing Song Jook Suh v. Rosenberg, 437 F.2d 1098, 1102 (9th Cir.1971)), cert. denied, 439 U.S. 861 (1978). If Bagaoisan wanted the affidavits to be considered, she should have submitted them in response to the district director's "Notice of Intent to Deny," see Matter of Obaigbena, 19 I & N Dec. 533 (BIA 1988), or should have filed a motion to reopen with the BIA. See 8 C.F.R. §§ 3.2 and 3.8.
 
 2. The District Director's Decision
 
 7
 We do not consider Bagaoisan's challenge to the district director's determination regarding the visa petition. This appeal does not present a situation where the BIA declined to perform an independent review and instead adopted the decision of the district director. See Campos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1994) (as amended). Rather, the BIA conducted a de novo review of the record. See Elnager v. United States INS, 930 F.2d 784, 787 (9th Cir.1991). In such a case, we limit our review to the BIA's decision. Id.
 
 3. The BIA's Decision
 
 8
 a. De Novo Review by the BIA
 
 
 9
 We reject Bagaoisan's claim that the BIA erred in conducting a de novo review. "[T]he BIA has the power to conduct a de novo review of the record, to make its own findings, and independently to determine the legal sufficiency of the evidence." Id.
 
 
 10
 b. Application of 8 U.S.C. § 1154(c)(2)
 
 
 11
 We also reject Bagaoisan's claim that the BIA abused its discretion in denying the petition for a preference visa. The BIA "abuses its discretion if its decision is not supported by the evidence or if it is based on an improper understanding of the law." Kaho v. Ilchert, 765 F.2d 877, 881 (9th Cir.1985).
 
 
 12
 Review of the record indicates that Lista married Francis Manatan after having been in the United States for only three months and just twelve days before her grant of administrative voluntary departure was to expire. Lista and Manatan had no children during their marriage and had no joint debts when they divorced. Manatan also signed sworn statements that he married Lista as a favor to her family and as a means for her to acquire lawful permanent residence status. Given this evidence, the BIA did not abuse its discretion in concluding that Lista married Manatan for the purpose of evading the immigration laws and that 8 U.S.C. § 1154(c)(2) therefore required the denial of Bagaoisan's petition.
 
 
 13
 c. Due Process Claim
 
 
 14
 Finally, we reject Bagaoisan's claim that the BIA violated the Fifth Amendment's due process clause by denying the visa petition without conducting a hearing. Claims of due process violations are reviewed de novo. Burgos-Abril v. INS, 58 F.3d 475, 476 (9th Cir.1995).
 
 
 15
 In its "Notice of Intent to Deny," the district director quoted the text of 8 U.S.C. 1154(c)(2), which eventually served as the basis for the BIA's denial of Bagaoisan's petition. The district director also informed Bagaoisan that the record supported the conclusion that Lista married for the purpose of evading the immigration laws. The district director then gave Bagaoisan fifteen days to review the evidence and offer any evidence to the contrary.
 
 
 16
 It is clear from the "Notice of Intent to Deny" that Bagaoisan had sufficient opportunity to present evidence rebutting the charge that Lista married for the purpose of evading the immigration laws. In fact, Bagaoisan's attorney took heed of the district director's warnings and submitted an additional letter to the district director before he rendered his decision in this matter. Therefore, the BIA's refusal to grant Bagaoisan an additional hearing to rebut the allegation of marriage fraud was proper. See Matter of Obaigbena, 19 I & N Dec. at 533 (noting that the proper procedure for contesting an allegation of marriage fraud is to present evidence in response to the notice of intent to deny).
 
 
 17
 Accordingly, we affirm the decision of the district court because (1) the district court properly refused to consider evidence that was not part of the administrative record; (2) the district court properly declined to consider any challenge to the district director's determination regarding the visa petition; (3)(a) the BIA did not err in conducting a de novo review of the administrative record; (b) the BIA did not abuse its discretion in denying the petition pursuant to 28 U.S.C. § 1154(c)(2); and (c) the BIA did not violate Bagaoisan's due process rights.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Unmarried sons and daughters of lawful permanent residents can obtain preference status for immigrant visas pursuant to 8 U.S.C. § 1153(a)(2)
 
 
 [2]
 This section precludes the approval of a visa petition where "the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status ... by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws...." 8 U.S.C. § 1154(c)(1)
 
 
 [3]
 This section precludes the approval of a visa petition where "the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." 8 U.S.C. § 1154(c)(2). The BIA has the authority to make this determination on behalf of the Attorney General. See 8 C.F.R. § 3.1(d)(1)