# Matter of Oleg B. ZELENIAK, Beneficiary of a visa petition filed by Serge V. Polajenko, Petitioner

*Decided July 17, 2013*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

   Section 3 of the Defense of Marriage Act, Pub. L. No. 104-199, 110 Stat. 2419, 2419 (1996), is no longer an impediment to the recognition of lawful same-sex marriages and spouses under the Immigration and Nationality Act if the marriage is valid under the laws of the State where it was celebrated.

FOR RESPONDENT: Bridget Cambria, Esquire, Philadelphia, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY: Julie Hollowell, Associate Counsel

BEFORE: Board Panel: NEAL, Chairman; ADKINS-BLANCH, Vice Chairman; MANN, Board Member.

NEAL, Chairman:

   The United States citizen petitioner filed a Petition for Alien Relative (Form I-130) on behalf of the beneficiary as his spouse on March 10, 2010. The National Benefits Center Director denied the petition on July 27, 2010, and the petitioner appealed the denial to the Board. In an April 18, 2012, decision, we remanded the record to the Director with instructions to address two issues: whether the petitioner's marriage is valid under State law and whether the marriage qualifies under the Immigration and Nationality Act. In a decision dated June 19, 2012, the Director considered the visa petition in light of our prior decision and once more denied the visa petition. The petitioner has now appealed the Director's second denial. The petitioner's appeal will be sustained, and the record will be remanded.
   An alien spouse of a United States citizen may acquire lawful permanent resident status in the United States. *See* section 201(b)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b)(2)(A)(i) (2012). In order to determine whether a marriage is valid for immigration purposes, the United States citizen petitioner must establish that a legally valid marriage exists and that the beneficiary qualifies as a spouse under the Act, which includes the requirement that the marriage must be bona fide. 8 C.F.R. § 204.2(a) (2013).
   In this case, both the petitioner and the beneficiary are male. In our prior decision, we asked the Director to address, in the first instance,

whether the petitioner and the beneficiary have a valid marriage under the laws of Vermont. *See Matter of Lovo*, 23 I&N Dec. 746, 748 (BIA 2005). We further asked the Director to address, again in the first instance, whether the marriage of the petitioner and the beneficiary would qualify the beneficiary to be considered a spouse under the Act absent the requirements of section 3 of the Defense of Marriage Act, Pub. L. No. 104-199, 110 Stat. 2419, 2419 (1996) ("DOMA"). That section set forth the meaning of the word "marriage" in 1 U.S.C. § 7 (Supp. II 1996) as follows:

> In determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the word "marriage" means only a legal union between one man and one woman as husband and wife, and the word "spouse" refers only to a person of the opposite sex who is a husband or a wife.

On remand, the Director determined that the petitioner and beneficiary have a valid marriage under the laws of Vermont. However, the Director declined to consider the issue whether the beneficiary would be a spouse under the Act absent the requirements of section 3 of the DOMA, which was the controlling Federal statute.

On June 26, 2013, while this appeal was pending, the United States Supreme Court ruled that section 3 of the DOMA is unconstitutional as a violation of the constitutional guarantees of equal protection and due process. *See United States v. Windsor*, 133 S. Ct. 2675, 2695-96 (2013). As the Court explained:

> The responsibility of the States for the regulation of domestic relations is an important indicator of the substantial societal impact the State's classifications have in the daily lives and customs of its people. DOMA's unusual deviation from the usual tradition of recognizing and accepting state definitions of marriage here operates to deprive same-sex couples of the benefits and responsibilities that come with the federal recognition of their marriages.

*Id.* at 2693.

The Supreme Court's ruling in *Windsor* has therefore removed section 3 of the DOMA as an impediment to the recognition of lawful same-sex marriages and spouses if the marriage is valid under the laws of the State where it was celebrated. This ruling is applicable to various provisions of the Act, including, but not limited to, sections 101(a)(15)(K) (fiancé and fiancée visas), 203 and 204 (immigrant visa petitions), 207 and 208 (refugee and asylee derivative status), 212 (inadmissibility and waivers of inadmissibility), 237 (removability and waivers of removability), 240A (cancellation of removal), and 245 (adjustment of status), 8 U.S.C. §§ 1101(a)(15)(K), 1153, 1154, 1157, 1158, 1182, 1227, 1229b, and 1255 (2012).

We will therefore sustain the petitioner's appeal. The issue of the validity of a marriage under State law is generally governed by the law of the place of celebration of the marriage. *See Matter of Lovo*, 23 I&N Dec. at 748. The Director has already determined that the petitioner's February 24, 2010, marriage is valid under the laws of Vermont, where the marriage was celebrated. *See* Vt. Stat. Ann. tit. 15, § 8 (West 2013) (effective Sept. 1, 2009). Thus, the sole remaining inquiry is whether the petitioner has established that his marriage to the beneficiary is bona fide. *See Matter of Laureano*, 19 I&N Dec. 1 (BIA 1983); *Matter of McKee*, 17 I&N Dec. 332 (BIA 1980); *Matter of Phillis*, 15 I&N Dec. 385 (BIA 1975). We will remand the record to allow the Director to make that determination.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Director for further consideration of the visa petition consistent with the foregoing opinion and for the entry of a new decision.