# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FAMILY INC., a Washington
corporation; TAE JUNG OH,
     *Plaintiffs-Appellants,*

v.

US CITIZENSHIP AND IMMIGRATION
SERVICES, an agency of the United
State Government,
     *Defendant-Appellee.*

No. 05-35310

D.C. No.
CV-04-00648-FDB

OPINION

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Submitted October 26, 2006*
Seattle, Washington

Filed December 4, 2006

Before: Alfred T. Goodwin and Alex Kozinski,
Circuit Judges, and Milton I. Shadur,**
Senior District Judge.

Opinion by Judge Goodwin

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Milton I. Shadur, Senior United States District Judge
for the Northern District of Illinois, sitting by designation.

19037

## COUNSEL

Michael E. Piston, Troy, Michigan, for the plaintiffs-appellants.

Christopher L. Pickrell, Assistant United States Attorney, Seattle, Washington, for the defendant-appellee.

## OPINION

GOODWIN, Circuit Judge:

Tae Jung Oh appeals a summary judgment in favor of the United States Citizenship and Immigration Services (USCIS).[1] In the district court, he sought reversal of a USCIS order denying his petition for a change of status. The question before this court is whether the USCIS decision was arbitrary,

---

[1]In 2003, services provided by the Bureau of Citizenship and Immigration Services (BCIS) at the Immigration and Naturalization Service (INS) were transitioned to the USCIS at the newly-created Department of Homeland Security (DHS). *See* USCIS Website, http://www.uscis.gov. Appellant filed the instant visa petition two months before the creation of USCIS.

capricious, or an abuse of discretion. The district court held that it was not, and we agree.

## I.  BACKGROUND

A native and citizen of South Korea, Oh first entered the United States as a temporary non-immigrant visitor in 1995. In 1996 his immigration status was changed to "temporary non-immigrant E2 treaty investor," which was extended to November 1, 2005. Oh is the president of Family, Inc. (Family), a corporation that owns a dry cleaning operation that employs Oh, his wife, three pressers, and a cashier. In January 2003, the corporation filed a Form I-140 petition on Oh's behalf, seeking his reclassification as a "multinational manager" under the Immigration and Nationality Act (INA). The petition described Oh's duties as (1) managing Family; (2) supervising and controlling the work of other supervisory employees (namely, Family's manager); (3) managing an essential function of the company (namely, its overall business); (4) exercising the authority to hire and fire all Family employees as well as approving other personnel actions; (5) functioning at a senior level within the organization's hierarchy; and (6) exercising direction over Family's day-to-day operations.

Classification as a multinational manager requires, *inter alia*, that Oh prove he is operating in a "managerial capacity." 8 U.S.C. § 1153(b)(1)(C).[2] After making findings with respect

---

[2]The term "managerial capacity" is defined as "an assignment within an organization in which the employee primarily —

(i)   manages the organization, or a department, subdivision, function, or component of the organization;

(ii)   supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;

(iii)   if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other per-

to Oh's duties, and requesting and receiving further evidence of the role Oh plays in Family's operations, the USCIS determined that Oh did not carry his burden of proving that he is acting in a managerial capacity within the meaning of the statute. In particular, the agency determined that in light of all the evidence submitted, including Family's small size, Oh was likely to "be involved in the performance of routine operational activities of the business" rather than in managing the business. Oh sought judicial review of the agency's decision, and the district court granted summary judgment to the government. Oh now appeals to this court.

## II.   DISCUSSION

We review the entry of summary judgment *de novo*. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). However, the underlying agency action may be set aside only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1229, 1236 (9th Cir. 2001) (citation omitted). The agency's factual findings are reviewed for substantial evidence. *Monjarez-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003), *amended by* 339 F.3d 1012 (9th Cir. 2003). We will not disturb the agency's findings under this deferential standard "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." *Id.* at 895 (citation omitted).

[1] Oh's sole assignment of error is that the USCIS exclusively and improperly relied on Family's small size to deter-

---

sonnel actions (such as promotion and leave authorization) or, if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and

(iv)   exercises discretion over the day-to-day operations of the activity or function for which the employee has authority.

A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional." 8 U.S.C. § 1101(a)(44)(A).

mine that his duties do not come within the statutory meaning of managerial capacity. Oh is correct to the extent that he argues Family's small size, standing alone, cannot justify the USCIS' finding that he is not operating in a managerial capacity. *See* 8 U.S.C. § 1101(a)(44)(A)(ii) (allowing for supervision of other supervisory employees *or* management of an essential organizational function to satisfy one element of establishing managerial duties). However, Oh's broader argument is precluded by the plain language of the agency's denial of the petition.

**[2]** Having considered all of the evidence before it, the agency found, as a fact, that Oh was likely to be involved with performing ordinary operational activities rather than engaging primarily in managerial duties. We have considered the record evidence in this case, and it does not compel a contrary conclusion. The company's organizational chart showed Oh as president, his wife as the manager, and four other employees. The organization included one corporate shareholder in Korea, qualifying this small-scale operation as an international business. However, the facts in the record do not compel the conclusion that Oh was primarily engaged in managerial duties, as opposed to ordinary operational activities alongside Family's five other employees. Furthermore, the agency did not err by considering Family's size as one factor in its determination. Other courts faced with this question have determined that the USCIS may properly consider an organization's small size as one factor in assessing whether its operations are substantial enough to support a manager. *See, e.g.*, *Republic of Transkei v. INS*, 923 F.2d 175, 178 (D.C. Cir. 1991); *Fedin Bros. Co. v. Sava*, 905 F.2d 41, 42 (2d Cir. 1990) (per curiam); *Q Data Consulting, Inc. v. INS*, 293 F. Supp. 2d 25, 29 (D.D.C. 2003). We agree with these courts, and hold that the agency's finding that Oh was not engaged primarily in managerial duties is supported by substantial evidence. The agency's denial of the petition was neither arbitrary or capricious, nor an abuse of discretion. Thus,

the district court's entry of summary judgment in the government's favor was not error.

**AFFIRMED.**