MEMORANDUM **
CMC T.M., Inc. and its employee, Zhao Shun Wang, appeal from the district court’s order granting summary judgment in favor of the United States Department of Homeland Security and the United States Citizenship and Immigration Services upholding the Administrative Appeals Office’s dismissal of the appeal from the Agency’s denial of their 1-140 Immigrant Petition for Alien Worker status. We affirm.
The AAO’s decision must stand because the record does not compel the conclusion that Wang would primarily be employed by CMC in a managerial or executive capacity. See Section 203(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(1)(C); see also 8 U.S.C. § 1101(44)(A)-(B) (defining managerial and executive capacity); Brazil Quality Stones, Inc. v. Chertoff, 531 F.3d 1063, 1067-68 (9th Cir.2008) (discussing the standard for reversing an agency’s decision to deny a visa petition). Rather, substantial evidence supports the AAO’s finding that the Applicants did not adequately prove Wang would primarily work in a qualifying capacity. See Family, Inc. v. U.S. Citizenship & Immigration Servs., 469 F.3d 1313, 1316 (9th Cir.2006).
The Applicants provided only vague descriptions of Wang’s actual duties at CMC. The AAO expressly relied on this vagueness in making its determination. See Brazil Quality Stones, Inc., 531 F.3d at 1070 (criticizing generalized description of purported job responsibilities noting “the documents submitted to the agency do not describe with particularity what such duties entailed”); see also 8 C.F.R. § 204.5(j)(5) (employer “must clearly' describe the duties to be performed by the alien”). The AAO also appropriately considered “[CMC’s] size as one factor in its determination.” Family, Inc., 469 F.3d at 1316. Organizational sophistication is a valid indicator of whether Wang “could devote his primary attention to managerial [or executive] duties as opposed to operational ones.” See Brazil Quality Stones, Inc., 531 F.3d at 1070.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.