**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRI-V'S HOMES, INC.; VICTORIO GUICO; REGINA GUICO; CLIEN LESTER GUICO; LESLLYN GUICO; LIEZEL GUICO; VIC GUICO, Jr., | No. 09-56494 |
| | D.C. No. 2:08-cv-06954-RGK-JC |
| Plaintiffs - Appellants, | |
| v. | MEMORANDUM[*] |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 7, 2011
Pasadena, California

Before: D.W. NELSON, REINHARDT, and N.R. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellants Tri-V's Homes et al. (collectively, "Tri-V") appeal the order and judgment issued against them and in favor of Defendants-Appellees U.S. Department of Homeland Security et al. (collectively, "Defendants"). Tri-V's suit arises out of the United States Citizenship and Immigration Services' ("USCIS") and the Administrative Appeals Office's ("AAO") rejection of Tri-V's petition to extend L-1 visa status for an employee, Victorio Guico ("Guico"). The district court found that Tri-V had failed to show that, under the Administrative Procedure Act ("APA"), the administrative agency's denial of its extension petition was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." We affirm.

"In examining a district court's decisions after a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*." *Brazil Quality Stones, Inc. v. Chertoff*, 531 F.3d 1063, 1067 (9th Cir. 2008). The underlying agency decision may not be set aside "unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Id.* (quoting 5 U.S.C. § 706(2)(A)). "The agency's factual findings are reviewed for substantial evidence." *Family Inc. v. USCIS*, 469 F.3d 1313, 1315 (9th Cir. 2006) (citations omitted).

1. We agree with Tri-V that USCIS erred in treating Tri-V's Form I-290B as an appeal rather than a motion to reopen or reconsider. Tri-V's Form I-290B was clearly marked as a motion to reopen or reconsider. USCIS was required to issue a written decision on the motion pursuant to its regulations. 8 C.F.R. § 103.5(a)(7). Instead, USCIS did not issue a written decision and forwarded the matter as an appeal to AAO.

We conclude, however, that USCIS's error was harmless. *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1220 (9th Cir. 2004) ("In reviewing agency action, the APA requires that 'due account shall be taken of the rule of prejudicial error.'" (quoting 5 U.S.C. § 706)). On appeal, AAO did consider the amended tax return submitted by Tri-V in its motion to reopen, and found that it failed to establish that Tri-V and its foreign parent company were "qualifying organizations" for the purposes of the L-1 visa extension. Because that finding alone would have been sufficient to deny the motion to reopen, the agency's failure to treat the motion as such was harmless.

2. USCIS and AAO did not abuse their discretion in denying Tri-V's L-1 extension application. The company's corporate tax return failed to show that it had foreign ownership. Further, the AAO determined that the company's amended tax return did not resolve the question as to why the company had filed a tax form

3

"which [was] inappropriate for its purported ownership structure and which contain[ed] averments which directly contradict[ed] its claim to be 70% owned by the foreign employer." The AAO found that the amended tax return was not to be given serious weight, because it was prepared after the denial of the petition by USCIS.

Further, Tri-V failed to submit a copy of its Notice of Transaction Pursuant to Corporations Code Section 25102(f), as requested by USCIS. Finally, Tri-V failed to provide any evidence that the $10,000 cash investment originated with the foreign parent company, even after the agency specifically requested documentary proof.

On this record, we cannot say that the agency's conclusion that Tri-V failed to meet the "qualifying organizations" requirement was arbitrary or capricious. Because this was an independent and sufficient ground for the agency's denial of Tri-V's L-1 extension application, we need not consider the agency's two separate grounds for denial.

**AFFIRMED.**

4