**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ROBERT G. WENDEL, DMD,

        Plaintiff - Appellant,

    v.

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

        Defendant - Appellee.

No. 11-35340

D.C. No. 2:10-cv-00028-LRS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Argued and Submitted March 9, 2012
Seattle, Washington

Before: PAEZ and MURGUIA, Circuit Judges, and TUCKER, District Judge.[**]

    Appellant Robert G. Wendel, DMD, appeals the district court's grant of

summary judgment in favor Appellee Travelers Casualty and Surety Company of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Josephine Staton Tucker, District Judge for the U.S.
District Court for Central California, sitting by designation.

America ("Travelers") on Dr. Wendel's claim for breach of contract. Dr. Wendel also appeals the district court's denial of his cross-motion for partial summary judgment on his breach-of-contract claim and motion for summary judgment on his bad-faith claim, and asks us to enter judgment in his favor. We review *de novo* motions for summary judgment. *Family Inc. v. U.S. Citizenship & Immigration Servs.*, 469 F.3d 1313, 1315 (9th Cir. 2006). Because the history and facts of this case are familiar to the parties, we recount them only to the extent necessary to explain our decision. Applying Washington law, we reverse.

## I.  Discussion

In November 2009, Dr. Wendel filed the instant lawsuit, alleging that Travelers breached their contract and acted in bad faith by refusing to defend him in a 2007 lawsuit brought by the estate of his former employee, Christa Yount. The Yount lawsuit accused Dr. Wendel of using his position of authority as Ms. Yount's boss to carry on a three-year sexual relationship with her, and alleged that Ms. Yount committed suicide after Dr. Wendel fired her. Prior to the Yount lawsuit, in 2005, another of Dr. Wendel's former employees, Dorinda Wiseman, sued Dr. Wendel. Ms. Wiseman alleged that Dr. Wendel fired her because she had learned of his affair with Ms. Yount.

The parties agree and the record shows that the Yount lawsuit made no mention of the prior Wiseman lawsuit. Accordingly, in order to deny Dr. Wendel's claim pursuant to the prior-litigation exclusion, Travelers had to rely on extrinsic evidence. The district court endorsed this practice, but we reverse, as Washington law can reasonably be interpreted as prohibiting Travelers from so doing.

Under Washington law, the duty to defend is broader than the duty to indemnify. *Am. Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 696 (Wash. 2010). Whereas the "duty to indemnify exists only if the policy *actually covers* the insured's liability," the "duty to defend is triggered if the insurance policy *conceivably covers* allegations in the complaint." *Id.* Therefore, while "[t]he insurer is entitled to investigate the facts and dispute the insured's interpretation of the law," it must defend the claim "if there is *any reasonable interpretation* of the facts or the law that could result in coverage . . . ." *Id*. at 696 (emphasis added).

Travelers argues that it properly relied on the Wiseman lawsuit because the Wiseman lawsuit did not bear upon the truth of the allegations in the Yount lawsuit and it used the Wiseman lawsuit only to determine whether the duty to defend was triggered. Travelers admits, however, that no Washington court has ever expressly stated that extrinsic evidence may be used in this manner. The district court sided

with Travelers, citing to out-of-circuit precedent and non-binding secondary sources. This was error.

Travelers was bound to provide a defense unless the complaint made it absolutely "clear" that the policy did not cover the claim alleged in the complaint under Washington law. *See Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007). In making this determination, Travelers was not permitted to decide unilaterally, as it has attempted to do here, that its interpretation of the law was likely to be adopted by the Washington Supreme Court and deny coverage on that basis. *See id.* at 463 (faulting an insurer for using its own "equivocal interpretation of case law to give *itself* the benefit of the doubt rather than its insured"). To the contrary, the lack of on-point Washington authority suggests a legal ambiguity that Travelers was bound to resolve in Dr. Wendel's favor. *See Am. Best Food, Inc.*, 229 P.3d at 699 (explaining that any ambiguity as to coverage must be resolved in favor of the claimant); *Woo*, 164 P.3d at 463 ("[T]he duty to defend requires an insurer to give the insured the benefit of the doubt when determining whether the insurance policy covers the allegations in the complaint."). Had Travelers wished to seek an extension of Washington case law, it could have elected to defend Dr. Wendel under a reservation of rights and sought declaratory relief. *See Am. Best*

4

*Food, Inc.*, 229 P.3d at 696, 700–01.  Travelers, however, elected not to pursue this course of action.

We conclude that there is a reasonable interpretation of Washington law that could have resulted in a duty to defend.   In *Woo*, the Washington Supreme Court recently had occasion to summarize Washington duty-to-defend law. 164 P.3d at 459–60.  As part of this discussion, the court noted that there are only "two exceptions to the rule that the duty to defend must be determined only from the complaint . . . ."  *Id.* at 459 (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.*, 58 P.3d 276 (Wash. 2002)).  It further explained that these exceptions benefit the insured, not the insurer.  *Id.*  Accordingly, in Washington an "insurer *may not* rely on facts extrinsic to the complaint to deny the duty to defend—it may do so only to trigger the duty."  *Id.* (emphasis added).

The extrinsic evidence exception espoused by Travelers is not one of the two exceptions listed by the *Woo* court.  Even more importantly, Travelers proposes that it be allowed to use extrinsic evidence to deny coverage, an action which directly conflicts with *Woo*.  Accordingly, we cannot accept Travelers' argument that no reasonable interpretation of case law supports the notion that Travelers improperly relied on the Wiseman lawsuit.  To the contrary, *Woo* suggests just the opposite.

5

Therefore, we reverse the district court's grant of Travelers' motion for partial summary judgment.[1] We also reverse the district court's denial of Dr. Wendel's motions for partial summary judgment, which were denied summarily, and remand so that the district court may give substantive consideration to those motions in light of this disposition.

**REVERSED AND REMANDED**.

---

[1] We decline to consider Travelers' suggestion that we affirm based on the prior-knowledge exclusion, as Travelers did not rely on the prior-knowledge exclusion in its partial motion for summary judgment. *Cf. Joseph Rosenbaum, M.D., Inc. v. Hartford Fire Ins. Co.*, 104 F.3d 258, 261 (9th Cir. 1996).