**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TANIA GARCIA-LOPEZ, AKA Tania Carolina Garcia-Lopez, <br><br>     Plaintiff - Appellant, <br><br>   v. <br><br> ALEJANDRO MAYORKAS, Director,* U.S. Citizenship and Immigration Services; ROBIN BARRETT, Field Office Director, U.S. Citizenship and Immigration Services, San Francisco Office; JANET NAPOLITANO, Secretary of the Department of Homeland Security; ERIC H. HOLDER JR., Attorney General, <br><br>     Defendants - Appellees. | No. 11-16327 <br><br> D.C. No. 3:09-cv-02592-RS <br><br><br> MEMORANDUM** |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

---

    * Alejandro Mayorkas, Director, U.S. Citizenship and Immigration Services, is substituted for his predecessor, Michael Aytes, Acting Deputy Director, pursuant to Fed. R. App. P. 43(c)(2).

    ** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 7, 2012[*]
San Francisco, California

Before:  HAWKINS, TASHIMA, and MURGUIA, Circuit Judges.

Tania Garcia-Lopez ("Garcia-Lopez") appeals the district court's entry of summary judgment in favor of the government defendants (the Director of the United States Citizenship and Immigration Services ("USCIS"), Field Office Director of USCIS, Director of Department of Homeland Security, and the U.S. Attorney General).  Garcia-Lopez filed an immediate relative visa petition on behalf of her husband, Fathi Abedel Ghani ("Ghani").  However, based on a declaration by Ghani's former wife, Celeste Winders ("Winders"), USCIS determined that Ghani had previously entered into a fraudulent marriage to obtain immigration benefits, and denied the new petition.  Garcia-Lopez alleges that the agency's actions in denying her petition were arbitrary and capricious and violated the Administrative Procedure Act ("APA").

In actions challenging an agency's decision to deny or revoke a visa, we review the district court's grant of summary judgment de novo; however, the underlying agency action may be set aside only if "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"  *Family Inc. v. U.S. Citizenship &*

---

[***]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Immigration Servs.*, 469 F.3d 1313, 1315 (9th Cir. 2006) (quoting 5 U.S.C. § 706(2)(A)). We must affirm an agency's factual determination unless the evidence compels the contrary conclusion. *Id.*; *see also Nakamoto v. Ashcroft*, 363 F.3d 874, 883 (9th Cir. 2004).

Garcia-Lopez argues USCIS violated the APA by relying on Winders's uncorroborated statement while simultaneously ignoring Garcia-Lopez's evidence, which she claims includes "three sworn affidavits" from Ghani's friends about meeting Winders and/or seeing her at Ghani's residence. She is mistaken on both counts: (1) the agency clearly considered the evidence offered to rebut the sham marriage, but found it was insufficient to carry Garcia-Lopez's burden of proof, and (2) the statements from Ghani's friends were not sworn affidavits, and the agency properly discounted their value as such, while also noting the lack of detail in the statements and the difficulty contacting two of the three friends at the numbers provided. *See generally* 8 C.F.R. § 204.2.

Other than Ghani's self-serving declaration that his marriage to Winders was not a sham, Garcia-Lopez failed to submit any of the types of materials typically introduced to overcome allegations of a sham marriage, e.g., photos from the prior wedding, affidavits from wedding attendants, letters to one another or other evidence of courtship, etc. *See Nakamoto*, 363 F.3d at 882 (listing types of objective evidence

of a bona fide marriage); *see also In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002); *Matter of Laureano*, 19 I. & N. Dec. 1, 3 (BIA 1983). USCIS weighed all the evidence presented and reasonably concluded Garcia-Lopez's submissions did not overcome the probative value of Winders's statement-against-interest admitting to marriage fraud. The evidence in this case does not compel a contrary conclusion. *Cf. Nakamoto*, 363 F.3d at 882 (finding a marriage fraud determination supported by substantial evidence, despite evidence of three-year correspondence and courtship as well as financial support); *Sharma v. Holder*, 633 F.3d 865, 872-74 (9th Cir. 2011) (photos, co-mingled accounts, letters congratulating the couple on marriage, and a brief affidavit from a spouse that lacked details about courtship or rationale for marriage did not establish that the motivation to marry was bona fide).

**AFFIRMED.**