NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR MARTINEZ OCHOA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant-Appellee. | No. 16-55779 <br> 16-56393 <br><br> D.C. No. <br> 5:15-cv-01807-JGB-KK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted February 14, 2018[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and LASNIK,[***] District Judge.

One of the various ways an immigrant without legal status may apply to be a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

legal permanent resident is to be classified as a battered spouse. *See* 8 U.S.C. § 1154(a)(1)(A)(iii); 8 C.F.R. § 204.2(c)(1). To be eligible, a petitioner must establish that, among other things, he or she is "a person of good moral character." *Id.* § 204.2(c)(1)(i)(F). If a petitioner willfully committed, was convicted of, or was imprisoned for "unlawful acts that adversely reflect upon his or her moral character," *id.* § 204.2(c)(1)(vii), the petitioner will be found to lack good moral character "unless he or she establishes extenuating circumstances," *id.*

Appellant Victor Ochoa is a native of Mexico with a history of illegal entries and removals, including one removal that stemmed from a guilty plea for domestic battery and a sixty-day jail sentence. After an April 2012 arrest, Ochoa faced the removal proceedings at the heart of this appeal. He challenged that removal order but was unsuccessful. Ochoa then petitioned U.S. Citizenship and Immigration Services (USCIS) for classification as a battered spouse, which would have made him eligible for permanent-resident status and forestalled his removal. In his petition, Ochoa claimed that the woman he pleaded guilty to battering had falsely accused him and that she had actually been the abusive one.

The USCIS Administrative Appeals Office (AAO) denied Ochoa's petition for battered-spouse classification because he failed to meet his burden of establishing that he is of good moral character. The AAO based that conclusion on his domestic battery conviction and the April 2012 arrest.

Ochoa challenged the AAO's decision in a complaint under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*[1] Ochoa also moved for a stay of removal pending the resolution of his APA claim, which the district court denied. The district court then granted summary judgment for the government. Because the district court denied Ochoa's motion for a stay of removal, Ochoa was removed on August 23, 2016. This consolidated appeal combines Ochoa's appeals of the district court's grant of summary judgment for the government and its denial of Ochoa's motion for a stay of removal.

We review the district court's grant of summary judgment *de novo*. *Cameron v. Craig*, 713 F.3d 1012, 1018 (9th Cir. 2003). Our review of the AAO's final decision asks whether that decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Family Inc. v. U.S. Citizenship & Immigration Servs.*, 469 F.3d 1313, 1315 (9th Cir. 2006) (citing 5 U.S.C. § 706(2)(A)).

Ochoa challenges the AAO's conclusion regarding his domestic battery conviction. The AAO concluded that the conviction indicated Ochoa lacked good moral character, and that he did not establish extenuating circumstances. To the extent Ochoa claimed he was actually innocent of domestic battery, the AAO

---

[1] The district court had jurisdiction under 5 U.S.C. §§ 702, 704, and 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

3

correctly concluded that Ochoa could not collaterally attack a valid state conviction in immigration proceedings.[2] *See Urbina-Mauricio v. INS*, 989 F.2d 1085, 1089 (9th Cir. 1993). The AAO's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Ochoa also challenges the AAO's conclusion regarding his April 2012 arrest. A state report indicated Ochoa was arrested for possession of methamphetamines, and the AAO concluded that Ochoa failed adequately to explain the arrest's disposition. Ochoa disputed the arrest and submitted a county report stating that a record search for his name yielded no arrest records. The AAO found the report insufficient because the search omitted aliases Ochoa used on public documents such as his children's birth certificates. Given the state report and Ochoa's failure otherwise to explain the arrest or why he was in custody, the AAO's decision that the arrest weighed against Ochoa's good moral character was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

For the foregoing reasons, the AAO did not abuse its discretion when it concluded that Ochoa failed to establish that he is of good moral character and denied Ochoa's battered-spouse petition.

---

[2] Ochoa tried to withdraw the guilty plea in state court and have the domestic battery charge dismissed, but he was unsuccessful.

Ochoa's appeal of the district court's denial of his motion for a stay of removal is dismissed as moot because Ochoa was removed on August 23, 2016. *See Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 999–1000 (9th Cir. 2004).

**AFFIRMED.**