**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL BITTON; MERAV BUSKILA EDERI, | No. 18-56668 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-07617-SJO-PLA |
| v. | MEMORANDUM* |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted April 17, 2020**
Pasadena, California

Before: FLETCHER and LEE, Circuit Judges, and SETTLE,*** District Judge.

Michael Bitton and Merav Ederi appeal the district court's summary judgment

decision upholding the government's denial of an I-130 visa petition for "immediate

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

relative" status submitted by Bitton on Ederi's behalf. We affirm.

1. We review *de novo* summary judgment rulings on Administrative Procedure Act challenges to the denial of visa petitions. *See Family Inc. v. U.S. Citizenship & Immigration Servs.*, 469 F.3d 1313, 1315 (9th Cir. 2006). The underlying agency action may be set aside only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*. (quoting 5 U.S.C. § 706(2)(A); *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife*, 273 F.3d 1229, 1236 (9th Cir. 2001)). The agency's factual findings are reviewed for substantial evidence and should not be disturbed "'unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result.'" *Id*. (quoting *Monjaraz-Munoz v. INS*, 327 F.3d 892, 895 (9th Cir. 2003), *amended by* 339 F.3d 1012 (9th Cir. 2003)).

An I-130 petitioner bears the burden, by a preponderance of evidence, to establish a "bona fide" marriage by demonstrating an intent "to establish a life together at the time of their marriage." *See Matter of Pazandeh*, 19 I. & N. Dec. 884, 887 (BIA 1989); *Matter of McKee*, 17 I. & N. Dec. 332, 334-35 (BIA 1980). Evidence of intent may include "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." *Matter of Laureano*, 19 I. & N. Dec. 1, 3 (BIA

2

1983).

The agency's denial of Bitton's I-130 petition is supported by substantial evidence. Specifically, the agency's conclusion that Bitton failed to establish a bona fide marriage is supported by record evidence that: (i) the appellants' "joint" bank account was not used to pay for key living expenses, such as rent, utilities, or insurance; (ii) insurance documents did not reflect joint dental coverage; (iii) at the first claimed marital residence, the property manager provided information suggesting the appellants fabricated their claim of cohabitation; (iv) at the second claimed martial residence, a witness indicated that Ederi lived there only part-time with her children, and that Bitton was just a friend; (v) Ederi's ex-husband lived across the street from the second claimed marital residence, and they shared a P.O. Box that they checked together; and (vi) Ederi misrepresented her pregnancy status in her divorce petition. This record does not "compel" a conclusion contrary to the one reached by the agency. *See Family Inc.*, 469 F.3d at 1315.

2.      The appellants did not assert a procedural due process claim in their complaint, and failed to raise the issue in either their own summary judgment motion or in response to the government's summary judgment motion. The "general rule" of this court is that "an issue may not be raised for the first time on appeal." *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990). None of the exceptions to waiver apply here. *See id*. (three "narrow exceptions" exist where: (i) there are

"exceptional circumstances" why the issue was not raised in the trial court; (ii) the new issue arises while the appeal is pending because of a change in the law; or (iii) the issue is purely one of law and the opposing party will suffer no prejudice). No exceptional circumstances prevented the appellants from raising the issue below, there has been no intervening change in law, and the issue is a mixed question of law and fact. *See Nat'l Ass'n of Radiation Survivors v. Derwinski*, 994 F.2d 583, 587 (9th Cir. 1992) (holding that procedural due process issue presents mixed question of law and fact). We therefore decline to consider this waived issue.

3.      When reviewing a challenge to an agency decision, a district court may consider extra-record materials only if: (i) necessary to determine whether the agency has considered all relevant factors and explained its decision, (ii) the agency has relied on documents not in the record, (iii) supplementing the record is necessary to explain technical terms or complex subject matter, or (iv) plaintiffs make a showing of agency bad faith. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012). We review a decision to exclude extra-record evidence for abuse of discretion. *Nw. Envtl. Advocates v. Nat'l Marine Fisheries Serv.*, 460 F.3d 1125, 1133 (9th Cir. 2006).

The appellants challenge the district court's refusal to consider two extra-record items: (i) a declaration from the owner of their second claimed marital residence; and (ii) a Google map image of Ederi's claimed Nevada residence during

4

her divorce. However, none of the exceptions to extra-record evidence apply here. As the district court correctly noted, the agency considered and articulated the relevant factors in its written decisions, there is no indication the agency relied on information outside of the administrative record, the proffered extra-record items are not needed to explain technical or complex matters, and there has been no showing of agency bad faith. Accordingly, the district court did not abuse its discretion in declining to consider extra-record evidence.

**AFFIRMED.**[1]

---

[1] The appellants separately filed a motion to strike or remand. Dkt. No. 38. They offer, however, no authority in support of their contention that the government's answering brief should be stricken for advancing a judicially estoped position. In any event, the record reflects that the government consistently maintained below that substantial evidence supports the agency's determination that Bitton failed to satisfy his burden to demonstrate an intent "to establish a life together at the time they were married" in connection with the I-130 petition. In addition, we need not remand for consideration of *Matter of P. Singh*, 27 I. & N. Dec. 598 (BIA 2019) because this is not a marriage fraud case; rather, Bitton simply failed to establish eligibility for an I-130 petition. The appellants' motion is therefore denied.