NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 29 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NGUYEN CHAN NGUYEN; et al.,

Plaintiffs-Appellants,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, an agency
within the U.S. Department of Homeland
Security; et al.,

Defendants-Appellees.

No.    22-56068

D.C. No.
2:21-cv-01893-FLA-PLA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted November 13, 2023
Pasadena, California

Before:  RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

Nguyen Chan Nguyen's petition for an EB-5 immigrant visa was denied by

United States Citizenship and Immigration Services ("USCIS") because he failed to

show that his qualifying investment, derived from a third-party currency swap, came

from a lawful source.  Nguyen and three similarly situated plaintiffs (collectively,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"Nguyen") sued, alleging violations of the Administrative Procedure Act. The district court granted summary judgment to USCIS. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The EB-5 statute provides:

> Visas shall be made available . . . to qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise . . . in which such alien has invested . . . or, is actively in the process of investing, capital in an amount not less than the amount specified.

8 U.S.C. § 1153(b)(5)(A)(i) (2018) (amended 2022).[1] USCIS regulations define "capital" as excluding "[a]ssets acquired, directly or indirectly, by unlawful means." 8 C.F.R. § 204.6(e). They also require that "[t]o show that the petitioner has invested, or is actively in the process of investing, capital obtained through lawful means, the petition must be accompanied, as applicable, by: [evidentiary requirements]." *Id.* § 204.6(j)(3).

1. Nguyen contends that the regulation requiring EB-5 petitioners to prove that their invested capital comes from a lawful source is ultra vires. We disagree. Employing settled canons of statutory construction, we find that the regulation comports with the statute. First, Congress's repeated re-enactment of the EB-5

---

[1] In 2022, Congress significantly amended the statutory scheme. EB-5 Reform and Integrity Act of 2022, Pub. L. No. 117-103, § 102, 136 Stat. 1070, 1070–75 (2022). The parties agree that this case is governed by the EB-5 statute in force at the time of Nguyen's application.

program without disturbing the agency's interpretation of the statute suggests that it has endorsed it. *See Lorillard v. Pons*, 434 U.S. 575, 580 (1978). Second, reading the statute to allow illegal funds to qualify a petitioner for an EB-5 visa would allow noncitizens to obtain EB-5 visas with investment capital garnered through criminal activity. *See Pub. Citizen v. Dep't of Just.*, 491 U.S. 440, 454 (1989). Third, the legislative history makes plain that Congress intended for illegal funds to disqualify a petitioner from obtaining an EB-5 visa. *See* S. Rep. No. 101-55, 101st Cong., 1st Sess. 21 (1989).

Nguyen's reliance on the presumption of consistent usage does not compel a different result. Although Congress uses the term "lawful" in 8 U.S.C. § 1153, it appears only in the context of lawful permanent residence—a term of art—and lawful authorization to work. Congress did not attach "lawful" to "new commercial enterprise," but it seems entirely unlikely that Congress intended an EB-5 visa to become available through investment in an illegal enterprise. 8 U.S.C. § 1153(b)(5)(A), (B).

2. We are also unpersuaded by Nguyen's argument that USCIS's practice of inquiring into the legality of currency swaps is a new legislative rule requiring notice and comment. USCIS regulations allow an inquiry into the legality of an investor's source *and* path of funds. 8 C.F.R. § 204.6(j)(3); *see R.L. Inv. Ltd. Partners v. INS (RLILP)*, 86 F. Supp. 2d 1014, 1025 (D. Haw. 2000), *aff'd and*

3

*adopted in full*, 273 F.3d 874 (9th Cir. 2001). Inquiring into the path of funds not only ensures their legality but also confirms that they belong to the petitioner. *See Matter of Izummi*, 22 I. & N. Dec. 169, 195 (BIA 1998). Moreover, USCIS's practice is not new; the agency has a history of scrutinizing currency swaps. *See, e.g.*, *Matter of [Redacted]*, 2009 WL 1742398, at *15–16 (AAO Mar. 6, 2009). And, even if there were a rule change, it would be interpretive and hence exempt from notice and comment. *See RLILP*, 86 F. Supp. 2d at 1024–26.

3. Nguyen argues that denying his EB-5 petition was arbitrary and capricious because USCIS scrutinizes currency swaps more closely than investments made through friends and family. But he does not identify any agency policy imposing different evidentiary requirements on the two groups. Nguyen also alleges that USCIS made adjudicative errors in denying his petition. But the agency ultimately denied Nguyen's petition based on multiple inconsistencies in the record raising doubt about Nguyen's currency swap partner. Since he never addressed those inconsistencies, he does not demonstrate that the record would "compel a reasonable finder of fact to reach a contrary result." *Family Inc. v. USCIS*, 469 F.3d 1313, 1315 (9th Cir. 2006) (cleaned up).

**AFFIRMED.**[2]

---

[2] Nguyen's Motion to Take Judicial Notice is **GRANTED**.