NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCIS JOSEPH FLORES FAUSTINO, | No. 23-55792 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-02799-SSS-AGR |
| v. | |
| IRENE MARTIN, San Bernardino Field Office District Director, U.S. Citizenship and Immigration Services; ALEJANDRO N. MAYORKAS, Secretary, U.S. Department of Homeland Security; MERRICK B. GARLAND, Attorney General, U.S. Attorney General, U.S. Department of Justice, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted November 8, 2024**
Pasadena, California

Before: W. FLETCHER, CALLAHAN, and DE ALBA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Plaintiff Francis Joseph Flores Faustino filed the present action under the Administrative Procedure Act ("APA"), challenging the denial of his Form I-130 petition to have his wife, Jinkee Leano Faustino, classified as an immediate relative of a United States citizen. *See* 8 C.F.R. §§ 204.1(a)(1), 204.2. The United States Citizenship and Immigration Services ("USCIS") initially denied the petition on the ground that Ms. Faustino had entered into her previous marriage to Jose Luis Salgado for the purpose of evading the immigration laws. *See* 8 U.S.C. § 1154(c); 8 C.F.R. § 204.2(a)(1)(ii). Conducting de novo review, the Board of Immigration Appeals ("BIA") reached the same conclusion. Mr. Faustino then filed this action, and the district court held that the BIA's decision did not violate the APA. Mr. Faustino timely appealed, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's order de novo. *Herrera v. U.S. Citizenship & Immigr. Servs.*, 571 F.3d 881, 885 (9th Cir. 2009). Under the APA, we "must set aside the BIA's decision if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Zerezghi v. U.S. Citizenship & Immigr. Servs.*, 955 F.3d 802, 807 (9th Cir. 2020) (quoting 5 U.S.C. § 706(2)(A)). Specifically, we review the BIA's finding of marriage fraud for substantial evidence, *id.* at 814 n.6, meaning that we will sustain it "as long as there is 'such relevant evidence as a reasonable mind might accept as adequate to support [the]

conclusion,'" *id.* at 814 (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)).

1. First, Mr. Faustino claims that the burden of proof was improperly placed on him to prove that Ms. Faustino's prior marriage was *not* fraudulent. We disagree. Under the applicable burden-shifting framework, "[t]he initial burden of proof is on the government" to show "'substantial and probative evidence' of marriage fraud." *Id.* at 805 (citing *Matter of Kahy*, 19 I. & N. Dec. 803, 806-07 (BIA 1988)); *see* 8 C.F.R. § 204.2(a)(1)(ii). "The burden then shifts to the petitioner to rebut" the substantial and probative evidence of marriage fraud. *Zerezghi*, 955 F.3d at 805 (citing *Kahy*, 19 I. & N. at 806-07). Reviewing USCIS's decision de novo, the BIA appropriately found that "[t]he record contains substantial and probative evidence of prior marriage fraud." It also considered, but was "not persuaded by," the rebuttal evidence submitted by Mr. Faustino. Accordingly, the BIA properly applied the burden-shifting framework.

2. Second, contrary to Mr. Faustino's contention, the BIA's finding of marriage fraud is supported by substantial evidence. For example, when USCIS separately interviewed Ms. Faustino and Mr. Salgado in connection with a Form I-130 petition that he had submitted on her behalf, USCIS identified a number of discrepancies in their responses to questions about their relationship and claimed cohabitation.

Also, when USCIS officers conducted unannounced site visits to Mr.

3

Salgado's residence (the claimed communal residence of Ms. Faustino and Mr. Salgado), Mr. Salgado's property manager indicated that Mr. Salgado lived alone and that he had never seen Ms. Faustino on the premises. Additionally, when the officers visited Mr. Faustino's residence, multiple workers outside the home recognized a photograph of Ms. Faustino, and one worker stated that she lived there.

The BIA's finding is further supported by the long-term relationship between Mr. and Ms. Faustino. They married in 2001 before entering the United States and had a child together. In 2010, they divorced, and each remarried shortly thereafter. In December 2012, Ms. Faustino divorced her second husband and married Mr. Salgado the following month—just weeks after he had become a naturalized citizen. When USCIS notified Mr. Salgado that it intended to deny his Form I-130 petition in April 2015, he withdrew the petition, and the couple began divorce proceedings in July 2015. Around this time, Ms. Faustino allegedly moved back in with Mr. Faustino, even though they both remained married to other individuals. Then, after they divorced their respective spouses, Mr. and Ms. Faustino remarried in April 2017, just months before he became a naturalized citizen. This sequence of events generally supports an inference that Ms. Faustino had married Mr. Salgado in an attempt to obtain lawful permanent resident status.

Finally, the BIA reasonably found that there was insufficient evidence of a

4

joint life between Ms. Faustino and Mr. Salgado during their marriage.

Accordingly, even considering the rebuttal evidence submitted by Mr. Faustino, the record would not "'*compel* a reasonable finder of fact to reach a contrary result.'" *Herrera*, 571 F.3d at 885 (quoting *Family Inc. v. U.S. Citizenship & Immigr. Servs.*, 469 F.3d 1313, 1315 (9th Cir. 2006)).

**AFFIRMED.**