**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DING CHEN,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>DANIEL P. DRISCOLL, Secretary of the Army,<br><br>      Defendant - Appellee. | No. 23-3519<br><br>D.C. No.<br>2:22-cv-01905-ODW-MRW<br><br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted May 20, 2025
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

Plaintiff Ding Chen appeals the district court's order denying his motion for

summary judgment and affirming the findings and determinations of the Army

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Board for Correction of Military Records ("Correction Board"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We review the district court's grant of summary judgment de novo. *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 988 (9th Cir. 2016) (en banc) (per curiam). We will set aside an agency decision only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Family Inc. v. USCIS*, 469 F.3d 1313, 1315 (9th Cir. 2006) (quoting 5 U.S.C. § 706(2)(A)). We "review for substantial evidence an agency's factual conclusions based on the administrative record." *Ctr. for Biological Diversity v. Zinke*, 900 F.3d 1053, 1068 (9th Cir. 2018).

1.      Chen takes a few of the Correction Board's statements out of context, but the full decision shows that the Correction Board applied the correct test for fraudulent entry into the Army. The first step in the test requires that the concealed information be "in fact, disqualifying." U.S. Dep't of Army, Reg. ("AR") 635-200, Active Duty Enlisted Administrative Separations para. 7-17(a)(1) (6 June 2005). The Correction Board correctly identified this test and cited the separation authority's determination that "sufficient evidence [showed] the applicant's

---

[1]      Chen's motions to strike (Dkt. No. 54) and to supplement his oral argument responses (Dkt. No. 57) are granted.

2

immigration status was invalid at the time of his enlistment, and this fact was disqualifying."

2.    The Correction Board's findings and determinations were not arbitrary or capricious.  When Chen enlisted in the Military Accessions Vital to the National Interest ("MAVNI") program, he represented that he was eligible for the program. The program required that enlistees be "lawfully admitted to the United States for permanent residence."  AR 601-210, Active and Reserve Components Enlistment Program, para. 2-4(a)(2) (7 June 2007).  An "[a]lien without lawful admittance or legal residence in the United States" is disqualified from enlisting.  AR 601-210, para. 4-25(g).  Chen was discharged from the Army because it concluded by a preponderance of the evidence that Chen had entered into a fraudulent marriage so that his "immigration status was invalid at the time of his enlistment," and that his "actions made it appear he was a lawful immigrant alien," when he knew he was not.  Thus, the Army found that Chen misrepresented his eligibility.  Although Chen argues that his marriage was not fraudulent under the standards set by the Immigration and Nationality Act, he has not demonstrated that the Army's determination to the contrary was arbitrary or capricious.[2]  Nor does he assert that there is a lack of substantial evidence supporting the determination.

---

[2]    Although Chen was ultimately granted citizenship, the circumstances surrounding the grant of citizenship are unclear.  The Correction Board considered

Moreover, the Army was required to "verify the existence and true nature of the apparently disqualifying information." AR 635-200, para. 7-17(a)(2). Based on the Army's investigation and the USCIS reports, the Army concluded that there was "sufficient evidence to show [Chen's] immigration status was invalid at the time of his enlistment, and this fact was disqualifying." The provision does not limit verification to "record-checking," as Chen argues.

3. Chen asserts that the Army violated his due process rights because it failed to consider his rebuttal evidence. Chen refers to his employment authorization cards as his "rebuttal materials." But this evidence was considered by the Army. Chen describes additional rebuttal evidence in his motion to supplement, but this evidence was also considered by the Army Discharge Review Board and Correction Board.

4. Chen's assertion that the Army lacked "jurisdiction over [his] marriage," is also without merit. As the district court noted, the Army did not assume jurisdiction over any criminal or immigration case involving Chen. Instead, the Army's determination relates to whether Chen concealed disqualifying information at the time he enlisted.

---

the grant of citizenship but determined that evidence in the record supported the Army's determination that Chen was not eligible to enlist when he did and, at that point in the discharge proceedings, it was Chen's burden to demonstrate otherwise.

5.     Chen asserts that his service should be upgraded to honorable.  The basis for this argument is the same as for his argument in support of changing the narrative reason for his discharge.  For the same reasons, he has failed to demonstrate that the Army's characterization of his service is arbitrary or capricious.

6.     Lastly, Chen contends that he is appealing the district court's denial of his motion to amend or alter the final judgment.  But he provides no explanation or argument for why the district court abused its discretion by denying the motion. *See EHM Prods., Inc. v. Starline Tours of Hollywood, Inc.*, 1 F.4th 1164, 1170–71 (9th Cir. 2021).

**AFFIRMED.**